Edd Page, Plaintiff in Error, v. A. N. Smith, Defendant in Error.

Gen. No. 4,886.

1. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the weight of the evidence where such evidence is conflicting and there was no decisive preponderance either way.

2. INSTRUCTIONS—*presumption as to consideration by jury.* The court will presume that the jury gave equal consideration to each instruction given and even though one instruction standing alone would be misleading, a reversal will not follow if all the instructions considered together are correct in law and free from conflict.

Action commenced before justice of the peace. Error to the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

A. C. NORTON, for plaintiff in error.

W. C. GRAVES, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

Page sued Smith before a justice of the peace. On the trial of the case in the Circuit Court on appeal Smith had a verdict and a judgment against Page for $80 from which the latter prosecutes this writ of error.

The parties made a verbal contract by which Page was to haul shale from a coal dump and deliver the same upon a lot or lots owned by Smith which needed filling. Page hauled and deposited the material. It was a controverted question whether Page was to have forty cents per yard for the work, as Page claimed, or twenty-five cents per yard, as Smith claimed; and also whether Page hauled 802 yards, as claimed by him, or only from 185 to 250 yards, as claimed by Smith. Smith had paid Page a small amount of money. It was a controverted question of fact whether this was paid upon the hauling of shale under this contract, as claimed by Page, or whether it was paid upon the hauling of certain merchan-

dise from the depot to Smith's store and from one depot to another, as claimed by Smith. Upon most of these questions the jury seem to have found with Page, and as the evidence was conflicting and there was no decisive preponderance either way, we see no reason for disturbing the conclusion of the jury on these matters.

The main controversy is upon another matter. The contract for hauling the shale was made in November, 1904, and the work was done in November and December, 1904. On May 20, 1903, Smith recovered a judgment against Page in the Circuit Court of Livingston county for $329.25 and costs, and no part of the same had been paid when the contract for hauling the shale was made, and in the trial of this case Smith introduced that judgment as a set-off. Page testified that when the contract for hauling the shale was made Smith proposed that the price should be applied upon this debt; that Page replied that he would have to have some groceries and enough to pay his shovelers and something to live on, and that it was agreed that one-half the price should be applied on the debt and the other half should be paid by groceries out of Smith's store and by cash. Smith testified that the agreement was that the entire price for hauling the shale should be applied on the debt, except that Page was to have about $15 to buy groceries. The only other person present when this contract was made, who testified, was John Bass, who was called as a witness by Page, and who testified on direct examination that the agreement was that Smith should let Page have groceries and horse feed, and the rest of the price of hauling the shale was to be applied on the debt, which practically corroborated Smith, while on cross-examination by Smith, he testified that Page was to have horse feed and half and the other half was to go on the debt. Neither side asked the witness any further questions to ascertain which statement he really meant. So far as appears on paper therefore the evidence seems to have been evenly balanced upon the question whether Page was to have half the price paid to him in groceries, horse feed and cash, and the other half only was to be applied upon the debt, or whether

Page v. Smith.

Page was to have only groceries or groceries and horse feed required for the use of his family and teams, and the rest of the price was to be applied on the debt. The jury seem to have determined this in favor of Smith. They saw the witnesses and we cannot disturb their conclusion. If Smith's testimony on that subject was true, it is not questioned but that this judgment is substantially correct.

But it is argued that this verdict was produced by the action of the court in giving the third instruction requested by defendant, to the effect that if the jury believed from the evidence that Page was owing Smith as much or more than Smith was owing Page, then they should find for defendant. It is argued that as the judgment was in evidence this instruction compelled the jury to find for Smith upon the judgment, regardless of whether the jury did or did not find that the contract was that only half the price of hauling the shale was to be applied upon the debt due to Smith. If this instruction stood alone it might have been so understood by the jury. But it is to be presumed that the jury considered all the given instructions in determining the meaning and application of any one. The court gave an instruction for Page to the effect that if the jury believed from the evidence that one-half of the price of hauling the shale was to be paid in cash and the other half was to be applied upon the judgment Smith held against Page, then Smith became liable to pay Page one-half of the price of such hauling, less what payments had been made thereon. The court also gave an instruction requested by defendant which in effect told the jury that if they believed that the evidence that all the work done was to be applied on the judgment except about $15 was of as much weight as the evidence that only half of the work done was to be applied on the judgment, then they should find for the defendant; and also gave an instruction for defendant that if they found the plaintiff owed the defendant the amount of the judgment and interest thereon and that no part of the same had been paid, and if they further believed from the evidence that all the hauling done by Page was to be credited on the judgment, then they should find for de-

fendant, unless the work done by plaintiff exceeded in value
the amount of the judgment. No instructions were given
which contradicted these. In our opinion when the jury con-
sidered defendant's third instruction in connection with the
other instructions just stated they could not have been misled
by said third instruction. That the court tried the case upon
the theory that plaintiff could recover for the unpaid part of
half the contract price for hauling the shale, if the contract
was that only half of the price for hauling the shale should
be applied on the judgment, is shown by the fact that the
court refused instructions requested by defendant and not set
out in the abstract which would have entitled Smith to have
his judgment set off against the entire contract price regard-
less of what the contract may have been upon that subject.
We therefore conclude that the verdict is right, under the
evidence and the instructions, regardless of the serious ques-
tion we have whether Smith was not entitled to the benefit
of his judgment as a set-off, regardless of the contract be-
tween the parties. The statute regulating the practice be-
fore justices of the peace requires each party to bring for-
ward all his demands against the other, existing at the time
the suit is begun, etc. The contract as testified to by Page
was exceedingly meagre. He did not claim that there was
any agreement that if Smith should be sued he should not
be at liberty to bring forward his judgment as a set-off.
Again, if Smith had not introduced his judgment by way of
set-off, and Page had obtained a judgment and caused an
execution thereon to be placed in the hands of the sheriff
of the county, Smith could have caused an execution upon
his judgment to be issued and placed in the hands of the
same officer, and could have required the sheriff to set off the
one execution against the other, under the provisions of sec-
tions 58 and 59 of chapter 77 of the Revised Statutes relat-
ing to judgments, decrees and executions; and Smith would
have thereby obtained the same result accomplished by the
judgment now before us. It can hardly be contended that
there was anything in the contract as testified to by Page
which would have prevented such a set-off of execution. We

are of opinion that there is grave doubt whether a court of law could give Page the protection he here seeks against the prior judgment rendered against himself.

The judgment is affirmed.

*Affirmed.*